# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| RENITA MCMURRY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VANDERHEYDEN LAW OFFICE, P.A. )<br>and PORTFOLIO ACQUISITIONS, LLC )<br>)<br>Defendants. ) | Case Number 2:14-cv-00874 |

## COMPLAINT

### NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

### PARTIES

4. Plaintiff Renita McMurry ("Plaintiff") is a natural person who at all relevant times resided in the State of Wisconsin, County of Milwaukee, and City of Milwaukee.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Vanderheyden Law Office, P.A ("Vanderheyden") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Vanderheyden is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Portfolio Acquisitions, LLC ("Portfolio") is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. Portfolio is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person allegedly obligated to pay a creditor other than Vanderheyden an alleged debt—namely, money allegedly owed by Plaintiff for healthcare services (the "Debt")

11. The Debt arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Vanderheyden uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Portfolio purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Portfolio acquired Plaintiff's Debt when it was in default, or alleged to be in default.

15. Portfolio retained Vanderheyden to collect the Debt from Plaintiff on its behalf.

16. In connection with the collection of the Debt, Vanderheyden, itself and on behalf of Portfolio, sent Plaintiff a written communication dated July 24, 2013, which stated the amount of the Debt as $2,127.41.

17. A true and correct copy of Vanderheyden's July 24, 2013 correspondence, is attached to this complaint as Exhibit A.

18. Vanderheyden's July 24, 2013 correspondence was its initial communication with Plaintiff.

19. Vanderheyden's July 24, 2013 initial communication failed to inform Plaintiff that the Debt would accrue interest.

20. Vanderheyden, itself and on behalf of Portfolio, sent Plaintiff subsequent communication dated September 4, 2013, titled "Earnings Garnishment," that represented the amount of the Debt as $2,249.06, comprising in part unpaid interest in the amount of $1,058.62.

21. A true and correct copy of Vanderheyden's September 4, 2013 correspondence is attached to this complaint as Exhibit B.

22. As such, Vanderheyden's September 4, 2013 communication indicates that interest had accrued, evidenced by the increase in the amount due from "$2,127.41" to

"$2,249.06" and by the September 4, 2013 communication explicitly stating that interest had accrued.

23. Vanderheyden's July 24, 2013 communication is misleading to the consumer who could readily conclude that the total account balance stated as due was due *at any time,* when in fact it was not, and was subject to adjustment on a periodic basis.

24. Vanderheyden's omission of material information in its July 24, 2013 initial communication would deceive or mislead the consumer as to the character and amount of the Debt.

25. Thus, Vanderheyden's July 24, 2013 initial written communication failed to clearly and effectively state the amount of the Debt as required pursuant to 15 U.S.C. § 1692g(a)(1).

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## VANDERHEYDEN

26. Plaintiff repeats and re-alleges each and every factual allegation above.

27. Vanderheyden violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a) Adjudging that Vanderheyden violated 15 U.S.C. § 1692e(2)(A);

  b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

  c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)
## VANDERHEYDEN

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Vanderheyden violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Vanderheyden violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## VANDERHEYDEN

30.  Plaintiff repeats and re-alleges each and every factual allegation above.

31.  Vanderheyden violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its July 24, 2013 initial correspondence or in writing within five days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Vanderheyden violated 15 U.S.C. § 1692g(a)(1);

b)  Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)
## PORTFOLIO

32.  Plaintiff repeats and re-alleges each and every factual allegation above.

33.  Vanderheyden violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the Debt.

34. Portfolio, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Vanderheyden—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(10)
## PORTFOLIO

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Vanderheyden violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with collection of the Debt.

37. Portfolio, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Vanderheyden—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)
## PORTFOLIO

38. Plaintiff repeats and re-alleges each and every factual allegation above.

39. Vanderheyden violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey to Plaintiff the amount of the Debt in its July 24, 2013 initial correspondence or in writing within five days thereafter.

40. Portfolio, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of Vanderheyden—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Portfolio violated 15 U.S.C. § 1692g(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 23, 2014

> By: /s/Russell S. Thompson IV
> Russell S. Thompson IV
> Thompson Consumer Law Group, PLLC
> 5235 E. Southern Ave., D106-618
> Mesa, AZ 85206
> Telephone: (602) 388-8898
> Facsimile: (866) 317-2674
> Email: rthompson@consumerlawinfo.com